Brian P. Berson, Esq.
State Bar No. 130249
Law Office of Brian P. Berson
235 Montgomery Street, Suite 625
San Francisco, CA 94104
BrianBerson@yahoo.com
Telephone: (415) 788-2707
Facsimile: (415) 392-5275

Attorney for **QUANG TRAN**

FILED
08 AUG 26 PM 12:58
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>QUANG TRAN, et al.<br><br>　　　　　　　Defendants. | NO. CR 08-0116-MAG(JL)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS IDENTIFICATIONS**<br><br>Date: October 2, 2008<br>Time: 11:00 a.m.<br>Courtroom: P<br><br>**SPEEDY TRIAL ACT:**<br>**EXCLUDABLE TIME:**<br>**18 U.S.C. §3161(h)(1)(F)** |

FACTS

At about 6:00 p.m. on June 23, 2007, a melee, "involving 20 to 30 persons" occurred on Ft. Baker Pier. U.S. Park Police Supplemental Criminal Incident Record, M. Griffin (bate stamp 77). Law enforcement dispatcher(s) issued "a lookout … for 3 vehicles fleeing the scene." Id.

Officer Griffin stopped 2 vehicles at the intersection of East Bunker and West Bunker Roads. According to Officer Griffin's report, he handcuffed defendants Quang and Cuong Tran, who had

1

been in one of the vehicles, a Toyota Tacoma pickup truck. They and 2 other suspects (presumably co-defendant Thanh Dinh and Brian Nguyen) were held for a cold show at which, according to Officer Griffin, "[t]he victim and witnesses identified all four suspects[1] as being involved with the fight and smashing the vehicle windows with rocks and beer bottles." Although statements were taken from approximately 13 witnesses, undersigned counsel has found no indication in the provided discovery of which "victim and witnesses" made the alleged identifications.

Prior to the cold show, Officer Savage arrived on the scene and met with alleged victims Reynaldo Samaniego and Rowena Goliat and several witnesses. Officer Savage's report contains summaries of what the alleged victims and witnesses told him, but it contains no physical description of the alleged wrong-doers other than that they were males who smelled strongly of alcohol.

Written statements were taken from approximately 13 alleged victims and witnesses, although it is unclear whether these were rendered before or after the cold show. The written statements contained the following physical descriptions: "white t-shirts and blue jeans" (bate stamp 211), "silver car [license provided], Tundra, silver Lincoln" (bate stamp 82), "six foot Asian guy with dragon tattoo from shoulder to middle of his chest" (bate stamp 81), "one of them spoke Vietnamese" (bate stamp 85), "two guys in

---

[1] Officer Griffin's report identifies only one other adult, the Tacoma's female driver, Joanne Englis. However, Officer Savage's report identifies the 4 individuals as Cuong Tran, Quang Tran, Brian Nguyen, and co-defendant Thanh Dinh. Bate Stamp 76.

white shirts" (bate stamp 88), "group of Asians" (bate stamp 90), "young men … bigger than us" (bate stamp 89), "aggressive group … in their cars (Toyota Tundra, Buick?)," (bate stamp 79).

On information and belief, the defense asserts that the witnesses who identified the defendants at the cold show were taken to it in one or more groups of 2 or more witnesses and that witnesses heard other witnesses making identifications, which influenced subsequent identifications.

## DISCUSSION

Under Supreme Court precedent, even if a pre-trial identification procedure is unnecessarily suggestive, the out-of-court identification may be admitted, if it is reliable. Manson v. Brathwaite, 432 U.S. 98, 114-17, 97 S.Ct. 2243, 2253-54 (1977).

According to the Supreme Court,

> the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

Applying these factors to the instant case will be impossible without the testimony of the identifying witnesses. The discovery provided does not tell us which of the approximately 13 witnesses attended the show up. Different witnesses had different opportunities to view the alleged criminals and, even if those witnesses are identified by the government, the statements do not

3

adequately disclose any witness' opportunity to view the alleged criminals at the time of the alleged crimes, the witnesses' degree of attention, or the level of certainty demonstrated by any witness at the confrontation. The discovery does disclose that, with few exceptions, most of the witnesses did not provide more than sketchy descriptions. Finally, we will concede that there was a relatively short length of time between the alleged crime and the show-up identifications.

Other factors not specifically enumerated in the Supreme Court precedent noted above, but which we submit this Court should consider in evaluating the reliability of the out-of-court identifications in this case, include: 1) as they were viewed at the cold show, defendants Quang and Cuong Tran were visibly handcuffed next to a car described to have left the scene with suspects in it; and 2) show-up identifications involving more than one witness may have been unduly suggestive to witnesses other than the first to make the identification. If so, this was an unnecessarily suggestive procedure. There is simply no good reason why law enforcement couldn't have brought each witness to the cold show individually.

Should any out-of-court identifications be found by this Court to have been obtained unlawfully, it follows that in-court identifications would then be precluded under the "fruit of the poisonous tree" doctrine. Wong Sun v. United States, 371 U.S. 471 (1963).

CONCLUSION

For the foregoing reasons, Quang Tran and Cuong Tran move this Court to hold an evidentiary hearing regarding the issues of suggestiveness and reliability of the out-of-court cold show identifications in this case. Following that evidentiary hearing, we anticipate arguing that those identifications were unnecessarily suggestive and unreliable and should be suppressed. Furthermore, it follows that in-court identifications by those same witnesses should be suppressed as tainted fruit of the poisonous tree.

8/25/08

Respectfully Submitted,

BRIAN BERSON
ATTORNEY FOR QUANG TRAN

CERTIFICATE OF SERVICE

I, David Jones, declare as follows:

On August 25, 2008, I mailed a copy of the foregoing Memorandum in Support of Motion to Suppress Identifications for Quang Tran in U.S. v. Tran, CR08-0116-MAG(JL), to:

Wendy Thomas
Special Assistant U.S. Attorney
11th Floor, Federal Building
450 Golden Gate Ave. Box 36055
San Francisco, CA 94102

and faxed a copy of the foregoing document to:

Susan Raffanti
Fax number: 510-839-1622

I declare under penalty of perjury that the foregoing is true and correct. Executed this day 25th of August, 2008 in San Francisco, California.

David Jones